IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDY ARCHULETA, AS PERSONAL
REPRESENTATIVE FOR THE
WRONGFUL DEATH ESTATE OF
ROSANA ARCHULETA, deceased,

      Plaintiff,

vs.                                                                          No. CIV 10-1150 JB/ACT

TAOS LIVING CENTER, LLC,
MDA CONSULTANTS, LLC,
JACK M. STOLIER, DANIEL DAIGLE
AND PAUL REID,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Defendants' Rule 59(e) Motion to Reconsider, filed June 27, 2011 (Doc. 31)("Motion to Reconsider"); and (ii) Defendant Paul Reid's Rule 12(b)(6) Motion to Dismiss, filed June 26, 2011 (Doc. 32)("Motion to Dismiss"). The Court held a hearing on November 14, 2011. The primary issues are: (i) whether the Court has subject-matter jurisdiction to hear the Defendants Motion to Reconsider; and (ii) whether the Court should grant the Motion to Reconsider regarding its prior decision remanding this case to state court. Because the Court concludes it does not have subject-matter jurisdiction to hear the Motion to Reconsider, it will deny the Motion to Reconsider and the Motion to Dismiss for lack of subject-matter jurisdiction.

**FACTUAL BACKGROUND**

Rosana Archuleta was a resident of a nursing home known as the Taos Living Center, LLC in Taos, New Mexico. See Complaint for Wrongful Death, Negligent, Misrepresentation, Violation

of the Unfair Trade Practices Act and Punitive Damages ¶ 1, at 1, filed December 3, 2010 (Doc. 1-3)("Complaint").  Plaintiff Judy Archuleta brings the suit in her capacity as personal representative of R. Archuleta's estate.  See Complaint ¶ 2, at 1.  On April 16, 2008, R. Archuleta suffered a fall, which resulted in a hip fracture, and, after her hip was repaired, she was transferred to Taos Living Center, where she was to receive rehabilitation.  See Plaintiff's Brief in Support of Motion to Remand at 1-2, filed December 28, 2010 (Doc. 6); Defendants' Supplemental Brief in Response and Opposition to Plaintiff's Motion for Remand at 1, filed February 15, 2011 (Doc. 17-1).   In the Complaint, J. Archuleta asserts that, while R. Archuleta was in the Defendants' care at Taos Living Center, she suffered injuries and harm -- including clostridium difficile, diarrhea, bedsores, septic shock, humiliation, and mental anguish -- which required medical attention and hospitalization, that R. Archuleta's overall health deteriorated, and that she died on May 9, 2008.  See Complaint ¶¶ 19-21, at 5.  The Complaint alleges causes of action for wrongful death, negligence, negligent or intentional misrepresentation, violation of the Unfair Trade Practices Act, N.M.S.A. 1978, §§ 57-12-1 through 57-12-26, and punitive damages.  See Complaint, Counts I-II, IV-VI.  The Complaint alleges that Defendant Paul Reid was the administrator of Taos Living Center.  See Complaint ¶ 8, at 41.

**PROCEDURAL BACKGROUND**

On May 30, 2011 the Court issued a Memorandum Opinion and Order determining that J. Archuleta did not fraudulently join Reid as a Defendant to defeat diversity jurisdiction.  See Doc. 28 ("MOO").  Consequently, the Court remanded the case to the Eighth Judicial District Court of New Mexico.  See MOO at 1-2.  The Court entered a Final Judgment on May 31, 2011.  See Doc. 29.

The Defendants submitted their Motion to Reconsider pursuant to rule 59(e) of the Federal

Rules of Civil Procedure. See Motion to Reconsider at 1. The Defendants emphasize that district courts have considerable discretion in ruling on a motion to reconsider. See Motion to Reconsider at 2. The Defendants contend that the Court "held that Plaintiff could possibly state a negligence claim against Reid independent from any negligence claim against Taos Living Center," even though it did not have the "benefit of any New Mexico judicial decisions on this issue." Motion to Reconsider at 1. The Defendants note that the Court relied on decisions involving corporate officers and directors in reaching its conclusion in spite of the difference of these positions from a nursing home administrator. See Motion to Reconsider at 2. They contend that New Mexico regulations and federal law do not permit a private right of action against a nursing home facility or a nursing home administrator. See Motion to Reconsider at 2-3. The Defendants assert that other state courts, specifically courts in Mississippi, have concluded that a nursing home administrator does not owe any common law or statutory duty of care to nursing home residents. See Motion to Reconsider at 3-4. On June 27, 2006, Reid also submitted a Motion to Dismiss for failure to state a claim. See Motion to Dismiss at 1.

On July 13, 2011, J. Archuleta filed her Response. See Plaintiff's Response to Defendants' Rule 59(e) Motion to Reconsider, filed July 13, 2011 (Doc. 33)("Response"). She contends that the Court lacks subject-matter jurisdiction to hear the Motion to Reconsider. See Response at 2-5. J. Archuleta notes that the Defendants provide no basis to support the Court's subject-matter jurisdiction. See Response at 3. J. Archuleta argues that the Court has in the past held that it lacks subject-matter jurisdiction to consider a motion to reconsider after it has remanded a case for lack of subject-matter jurisdiction. See Response at 3-4. Alternatively, she contends that the Defendants have not met their burden under rule 59(e) to justify reconsideration. See Response at 5-9. On July 13, 2011, J. Archuleta also filed her Response to Motion to Dismiss. See Plaintiff's Response to

-3-

Defendant Paul Reid's Rule 12(b)(6) Motion to Dismiss (Doc. 34)("Response to Motion to Dismiss").

On July 27, 2011, the Defendants filed their Reply to the Motion to Reconsider. See Defendants' Reply in Support of Rule 59(e) Motion to Reconsider (Doc. 35)("Reply"). They contend that rule 59(e) applies to their Motion to Reconsider rather than rule 60(b). They reiterate that there is no common law duty or "statutory negligence claim against a nursing home administrator." Reply at 2-4. On July 27, 2011, Reid filed his Defendant Paul Reid's Reply in Support of Rule 12(b)(6) Motion to Dismiss. See Doc. 36.

At the hearing on November 14, 2011, the Court inquired whether it had subject-matter jurisdiction to hear the Motion to Reconsider or the Motion to Dismiss. See Transcript of Hearing at 2:11-18 (taken November 14, 2011)(Court)("Tr.").[1] The Defendants argued that the Court has considerable discretion in ruling on a motion to reconsider. See Tr. at 2:20-3:2 (Wiese). The Defendants argued that the Court has previously misapprehended the applicable law and requested that the Court reconsider its prior decisions concluding that it cannot exercise subject-matter jurisdiction over a motion to reconsider regarding a remand order based on lack of subject-matter jurisdiction. See Tr. at 3:3-5 (Wiese). The Court inquired whether the United States Court of Appeals for the Fifth Circuit concluding that a cause of action like the one J. Archuleta asserts against Reid may exist under Mississippi law is sufficient for the Court to conclude that such a cause of action may exist under New Mexico law. See Tr. at 3:13-17 (Court). The Defendants contended that the United States Court of Appeals for the Tenth Circuit might believe that such a cause of action against Reid does not exist. See Tr. at 4:14-18 (Wiese). The Defendants rested on their

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

briefing on their Motion to Dismiss. See Tr. at 5:12-18 (Wiese). J. Archuleta contended that the Court lacks subject-matter jurisdiction to decide the Motion to Reconsider. See Tr. at 5:24-6:6 (Foote). She noted that, since the Court remanded this case to state court, the case has proceeded, and the parties have an upcoming scheduling conference in state court. See Tr. at 6:7-10 (Court, Foote). J. Archuleta emphasized the undesirable situation that arises when a case continues to move between state and federal court. See Tr. at 6:19-24 (Foote). J. Archuleta also argued that the Defendants have not met their burden under rule 59(e). See Tr. at 6:25-7:9 (Foote). She noted that many of the cases which the Defendants have cited could have been brought to the Court's attention earlier. See Tr. at 8:3-6 (Foote). She asserted that there is an open question whether New Mexico would allow the cause of action which she has pled against Reid. See Tr. at 8:21-9:2 (Foote). J. Archuleta decided to rest on her briefing on the Motion to Dismiss. See Tr. at 9:19-25 (Foote). The Defendants fully and frankly recognized that the Court has held in the past that it lacks jurisdiction to entertain a motion to reconsider an order remanding a case to state court based on lack of subject-matter jurisdiction. See Tr. at 10:8-11:5 (Court, Wiese). The Court inquired whether it could decide the Motion to Dismiss before deciding the Motion to Reconsider. See Tr. at 11:6-10 (Court). The Defendants noted that the Court should decide the Motion to Reconsider first. See Tr. at 11:6-11 (Court, Wiese). The Defendants contended that the more general standards for motions to reconsider under rule 59(e) govern the Court's authority to hear a motion to reconsider regarding a remand order rather than 28 U.S.C. § 1447(d).

## LAW REGARDING REVIEW OF REMAND ORDERS

Section 1447(d) of Title 28 of the United States Code prohibits a court from reviewing a remand order "by appeal or otherwise." This prohibition extends to the court reviewing its own remand orders, as well as to appellate courts reviewing the others of district courts. The United

States Court of Appeals for the Tenth Circuit has not yet ruled whether 28 U.S.C. § 1447 forecloses a district court's reconsideration of its own remand order, but numerous other courts have ruled that it does.  For instance, the United States Court of Appeals for the Eleventh Circuit has held that § 1447(d)'s provision of "nonreviewability extends to the power of a district court to reconsider its own remand order."  First Union Nat'l Bank v. Hall, 123 F.3d 1374, 1377 (11th Cir. 1997).  The United States Court of Appeals for the Fourth Circuit remarked that "[i]ndisputably, 'otherwise' in § 1447(d) includes reconsideration by the district court."  In re Lowe, 102 F.3d 731, 734 (4th Cir. 1996).  See Three J Farms v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir. 1979)("Unquestionably, [§ 1447(d)] not only forecloses appellate review, but also bars reconsideration of such an order by the district court.").  Similarly, the United States Court of Appeals for the First Circuit has ruled:

> [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so.  Both are foreclosed; nothing could be more inclusive than the phrase "on appeal or otherwise."  The district court has one shot, right or wrong.

In re La Providencia Dev. Corp., 406 F.2d 251, 252-53 (1st Cir. 1969).  The First Circuit explained the rationale behind this strict rule of nonreviewability:

> Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most.  This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity.  The action must not ricochet back and forth depending upon the most recent determination of a federal court.

In re La Providencia Dev. Corp., 406 F.2d at 252.  Finally, two Districts in the Tenth Circuit -- the United States District Courts for the Districts of Kansas and Colorado -- have also found that they cannot review their own remand orders.  See Maggio Enters. v. Hartford Cas. Ins. Co., 132 F.Supp.2d 930, 931 (D. Colo. 2001)("Because a remand order deprives the district court of

jurisdiction, the district court may not vacate or reconsider its order of remand." (citations omitted)); Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 67 F.Supp.2d 1242, 1245 (D. Kan. 1999)("The broad language of Section 1447(d) clearly prohibits review of remand orders under Section 1447(c), and a motion for reconsideration is a form of review." (citations omitted)). See also Consol. Doors, Inc. v. Mid-America Door Co., 120 F.Supp.2d 759, 764 (E.D. Wis. 2000)(noting the defendant's inability to find cases wherein "a court has reconsidered its remand order pursuant to Rule 60(b) [is] not difficult to discern," because "[t]here is a statute that deals explicitly with post-removal procedure.  Title 28 U.S.C. § 1447(d) . . . ."); Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 510 (E.D. Va. 1992)("Unquestionably, [§ 1447(d)] not only forecloses appellate review, but also bars reconsideration of such an order by the district court.  Both are foreclosed; nothing could be more inclusive than the phrase 'on appeal or otherwise.'" (quoting Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d at 115)); City of Valparaiso v. Iron Workers Local Union 395, 118 F.R.D. 466, 468 (N.D. Ind. 1987)("[I]t is universally held that once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind." (citing New Orleans Pub. Serv., Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir. 1986); Boone Coal and Timber Co. v. Polan, 787 F.2d 1056, 1059-1061 (6th Cir. 1986); Pelleport Investors, Inc. v. Budco Quality Theatres, 741 F.2d 273, 279 n. 3 (9th Cir. 1984); Three J. Farms, Inc. v. Alton Box Bd. Co., 609 F.2d at 115; Fed. Deposit Ins. Corp. v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1969); 14A C. Wright & A. Miller, Federal Practice & Procedure § 3739 (1985 & Supp. 1987); 1A J. Moore, et al., Moore's Federal Practice ¶ 0.169 [2.-1] (2d ed. 1987)). But see Long v. Am. Red Cross, No. C2-92-566, 1992 WL 566292, at *4 (S.D. Ohio Oct 8, 1992)(noting that it could review its own non-final remand ruling without running afoul of § 1447(d), because "[t]hat prohibition against review . . . is directed toward appellate review."

(citing <u>Thermtron Prods. v. Hermansdorfer</u>, 423 U.S. 336 (1976)).

This Court has already held that § 1447(d) bars it from reviewing its remand orders. In <u>Allen v. Allstate Ins. Co.</u>, No. 08-0733, 2010 WL 519855 (D.N.M. 2010)(Browning, J.), the Court concluded that the term "review" in § 1447(d) includes a district court reconsidering its prior remand order. See 2010 WL 519855, at *3-4 ("The Court can grant the relief that Allstate seeks only by looking at the prior order of remand and determining that it was improper. Such analysis would constitute 'review.'"). In <u>Schoen v. Presbyterian Health Plan, Inc.</u>, Nos. 08-0687 and 08-0970, 2009 WL 2450227 (D.N.M. July 29, 2009)(Browning, J.), Presbyterian Health Plan, Inc. asked the Court to reconsider a prior order remanding a state administrative appeal to state court for lack of subject-matter jurisdiction. The Court concluded "that, under § 1447(d), it does not have authority to reconsider its decision to remand for lack of subject-matter jurisdiction, and that jurisdiction over the appeal lies in state court." <u>Schoen v. Presbyterian Health Plan, Inc.</u>, 2009 WL 2450227, at *2. Earlier, in <u>Chaara v. Intel Corp.</u>, No. 05-278, 2006 WL 4060670 (D.N.M. Nov. 21, 2006)(Browning, J.), Plaintiff Chaara sought reconsideration of an order of this Court remanding some claims back to state court. 2006 WL 4060670, at *1-2. The Court denied the motion to reconsider, both "[b]ecause the Court [did] not believe that Chaara [had] satisfied the standard required for granting a rule 59(e) motion to reconsider . . . , and because it appears that the Court is foreclosed from reconsidering its remand determination." <u>Chaara v. Intel Corp.</u>, 2006 WL 4060670, at *6.

### **LAW REGARDING MOTIONS TO RECONSIDER UNDER RULE 59(e)**

The United States Court of Appeals for the Tenth Circuit has recognized:

> Generally, a "motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, <u>Clough v. Rush</u>, 959 F.2d 182, 186 n.4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief

from judgment under Rule 60(b)." Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). The time limit in rule 59(e) is now twenty-eight days rather than ten days. See Fed. R. Civ. P. 59(e). A motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d at 1012. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d at 1012 (citation omitted). A district court has considerable discretion in ruling on a motion to reconsider. See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

## ANALYSIS

The Court concludes that it lacks subject-matter jurisdiction to hear the Motion to Reconsider. Consequently, the Court will deny the Motion to Reconsider for lack of subject-matter jurisdiction. The Court will also deny the Motion to Dismiss for lack of subject-matter jurisdiction.

**I.   THE COURT LACKS SUBJECT-MATTER JURISDICTION TO HEAR THE MOTION TO RECONSIDER.**

On May 30, 2011, the Court granted J. Archuleta's request that the Court remand this case to state court. See MOO at 1-2. On May 31, 2011, the Court entered a Final Judgment remanding this case to state court. See Doc. 29. The case is now proceeding in state court.

The Court can grant the relief the Defendants seek in their Motion to Reconsider only by

looking at the prior order of remand and determining that it was improper.  Such analysis would constitute "review" within the meaning of 28 U.S.C. § 1447(d).  28 U.S.C. § 1447(d) provides: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."  28 U.S.C. § 1447(d).  As the Supreme Court of the United States has recognized: "Statutory construction must begin with the language employed by [the writer] and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose."  Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985).

> The Oxford English Dictionary defines review as:
>
> 1. . . . To see or behold again. . . . 2. To view, inspect, or examine a second time or again. (In contrast to view.) . . . 3.  a. To look over or through (a book, etc.) in order to correct or improve; to revise. . . . b. To re-examine; to reconsider.  . . . 4. Law. To submit (a decree, act, etc.) to examination or revision.

Oxford English Dictionary Online, "**review**, *v.*" (2d ed. 1989, Oxford University Press), available at http://www.oed.com/view/Entry/164851?rskey=JFbvDN&result=2&isAdvanced=false#eid (last visited Dec. 1, 2011).  Black's Law Dictionary contains a similar definition: "**review**, *n.* 1. Consideration, inspection, or reexamination of a subject or thing." Black's Law Dictionary 1434 (9th ed. 2009).  See Creekmore v. Food Lion, Inc., 797 F.Supp. at 510 (holding that § 1447(d) prohibits relief under rule 60(b) for remand orders issued for reasons contemplated by § 1447(c), including want of subject-matter jurisdiction).

The Court concludes that it does not have jurisdiction to review its remand order, which was based on a lack of subject-matter jurisdiction.  This Court has reached this conclusion in several of its prior decisions based on the language contained in 28 U.S.C. § 1447(d).  See  Allen v. Allstate Ins. Co., 2010 WL 519855, at *3-4; Schoen v. Presbyterian Health Plan, Inc., 2009 WL 2450227, at *2; Chaara v. Intel Corp., 2006 WL 4060670, at *6.  Several circuit courts have also interpreted

28 U.S.C. § 1447(d) in the same manner as precluding motions to reconsider remand orders based on a lack of subject-matter jurisdiction. See First Union Nat'l Bank v. Hall, 123 F.3d at 1377; Three J Farms v. Alton Box Bd. Co., 609 F.2d at 115; In re La Providencia Dev. Corp., 406 F.2d at 252-53. Thus, the Court will deny the Defendants' request to reconsider its prior remand order.

The Defendants have argued that the more general standards for motions to reconsider under rule 59(e), which afford the district court a great deal of discretion in reviewing its prior orders, apply to their Motion to Reconsider as opposed to 28 U.S.C. § 1447(d). The rules of statutory construction apply to the Federal Rules of Civil Procedure. See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)(applying the expressio unius est exclusio alterius canon when interpreting rule 9(b) of the Federal Rule of Civil Procedure); Hillis v. Heineman, 626 F.3d 1014, 1017-18 (9th Cir. 2010)("This same principle of statutory construction applies to interpreting the Federal Rules of Civil Procedure."). Cf. Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 163 (1988)("Because the Federal Rules of Evidence are a legislative enactment, we turn to the 'traditional tools of statutory construction' in order to construe their provisions." (citation omitted)). When "there is a conflict between" a statute that more specifically applies to a matter and a general statute that also applies to the matter, the more "specific statutory language should control more general language." Nat'l Cable & Telecomms. Ass'n v. Gulf Power Co., 534 U.S. 327, 335 (2002). There must be an actual conflict, however, between the two statutes for this canon of construction to apply. See Nat'l Cable & Telecomms. Ass'n v. Gulf Power Co., 534 U.S. at 336. Here, 28 U.S.C. § 1447(d) specifically addresses review of remand orders based on a lack of subject-matter jurisdiction. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996)(holding that "remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)," specifically remand orders "based on lack of subject matter jurisdiction or defects in removal

procedure"). The Court has concluded that the terms of this statute, specifically the word review, apply to motions to reconsider a remand order. As other courts have concluded, the "otherwise" language in the statute also implicates motions to reconsider. For example, the First Circuit has ruled:

> [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase "on appeal or otherwise." The district court has one shot, right or wrong.

In re La Providencia Dev. Corp., 406 F.2d at 252-53. Rule 59(e), on the other hand, applies generally to all "motion[s] to alter or amend a judgment" filed within the requisite time period, twenty-eight days. The Court entered its Final Judgment on May 31, 2011. See Doc. 29. The Defendants filed their Motion to Reconsider on June 27, 2011. They filed the Motion to Reconsider within twenty-eight days of the Court's entry of Final Judgment, so rule 59(e) applies to their Motion to Reconsider. The Defendants have failed to articulate a basis why there is no conflict between 28 U.S.C. § 1447(d) and rule 59(e), or why rule 59(e) would control even though it is a more general provision under these circumstances. Thus, the Court concludes that 28 U.S.C. § 1447(d)'s more specific provisions control regarding review of remand orders based on a lack of subject-matter jurisdiction as opposed to the more general language contained in rule 59(e), which generally applies to motions to reconsider. See Nat'l Cable & Telecomms. Ass'n v. Gulf Power Co., 534 U.S. at 336.

The Defendants argued at the hearing that the Supreme Court's decision in Quackenbush v. Allstate Insurance Co. provides some basis for this Court to conclude that 28 U.S.C. § 1447(d) does not preclude motions to reconsider seeking review of remand orders based on a lack of subject-matter jurisdiction. In Quackenbush v. Allstate Insurance Co., the Supreme Court expressly stated

that "lack of subject matter jurisdiction" is one of the "categor[ies] of remand order described in § 1447(c)," thus making these remand orders "immune from review under § 1447(d)." 517 U.S. at 711-12. That case involved a direct appeal from a remand order. See Quackenbush v. Allstate Ins. Co., 517 U.S. at 711-12. The Court does not see how this decision supports the Defendants' argument. If anything, the Supreme Court's discussion in this case supports the Court's conclusion that it cannot hear the Motion to Reconsider, as the Supreme Court recognizes that 28 U.S.C. § 1447(d) immunizes from review remand orders based on a lack of subject-matter jurisdiction. See Quackenbush v. Allstate Ins. Co., 517 U.S. at 711-12. The Supreme Court does not address motions to reconsider in this decision, or provide an interpretation of the terms review or reviewable under 28 U.S.C. § 1447(d) that conflicts with the Court's conclusions. See Quackenbush v. Allstate Ins. Co., 517 U.S. at 711-12. Thus, the Court will deny the Motion to Reconsider, because it lacks subject-matter jurisdiction to review its previous remand order in which it concluded that the Court lacks subject-matter jurisdiction over this case.

## II. THE COURT LACKS SUBJECT-MATTER JURISDICTION TO HEAR THE MOTION TO DISMISS.

As the Court has already concluded, it lacks subject-matter jurisdiction to hear the Motion to Reconsider. As the Defendants agreed at the hearing, the Court could not hear the Motion to Dismiss if it denied the Motion to Reconsider. See Tr. at 11:6-11 (Court, Wiese). This case has been remanded to state court, because the Court lacks subject-matter jurisdiction to hear J. Archuleta's claims. This case continues to proceed in state court. The Defendants may seek dismissal of J. Archuleta's claims in that forum. The Court denies the Motion to Dismiss, because it lacks subject-matter jurisdiction to hear that motion.

**IT IS ORDERED** that the: (i) Defendants' Rule 59(e) Motion to Reconsider, filed June 27,

2011 (Doc. 31); and (ii) Defendant Paul Reid's Rule 12(b)(6) Motion to Dismiss, filed June 26, 2011 (Doc. 32), are denied. The Court lacks subject-matter jurisdiction to hear these motions.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Counsel:*

Dusti Harvey
Jennifer J. Foote
Harvey Law Firm, LLC
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Frank Alvarez
Arlene A. Wiese
Hermes Sargent Bates, LLP
Dallas, Texas

      *Attorneys for the Defendants*